Law library

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2009 JUN -1 PM 9: 19

BY: _____

PEOPLE OF GUAM,  )
  )  CRIMINAL CASE NO. CM0307-09
  vs.  )
  )
  )  **DECISION AND ORDER**
ELWIN CHAMPACO QUITANO,  )  (Motion to Dismiss)
  )
  Defendant.  )
_____ )

The Defendant's Motion to Dismiss was heard on May 18, 2009 before the HONORABLE ELIZABETH BARRETT-ANDERSON. Defendant was represented by Attorney F. Randall Cunliffe. The People were represented by Assistant Attorney General Sally A. Tobin. The Defendant has asserted speedy trial.

The Court having considered all the briefs and arguments **DENIES** Defendants Motion to Dismiss the Magistrate's Complaint, with leave granted the People to amend on or before **June 8, 2009**, in accordance with the Court's holding. In the event the People fail to amend the Complaint on or before June 8, 2009, the Defendant's Motion to Dismiss is **GRANTED** sua sponte on June 9, 2009, without prejudice.

Defendant is charged with three separate offenses that are alleged to have occurred on or about April 3, 2009 in an April 6, 2009 a Magistrate's Complaint. The Magistrate's Complaint is based on the Declaration of Probable Cause ("Declaration"); both of which are signed on April 6, 2009. The Declaration states that the two alleged incidents of the Defendant requesting to have sex with the minor alleged victim occurred in September 2008 and January 2009. The alleged victim filed a complaint with Guam Police Department on April 3, 2009; but did not allege any illegal actions of the Defendant related to that specific day.

Under 8 G.C.A. § 1.15, the charges against the Defendant are to be prosecuted by Complaint, which is "subject to the same rules of pleading as an indictment for information." 8 G.C. A. § 15.10. "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. U.S.*, 418 U.S. 87, 117 (1974). In this case, all of the essential elements of each of the offenses charged is contained in the Complaint; however, this Court is not convinced that the Complaint enables the Defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense due the discrepancies in the dates stated in the Declaration and the Complaint, the generic terms of the statute, and the lack of "a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* at 117-118 (quoting *U.S. v. Hess*, 124 U.S. 483, 487, (1888)).

Due to the discrepancy of dates of the allege incidents in the Magistrate's Complaint and the Declaration, this Court questions whether or not there was probable cause for a summons to be issued on the Complaint as written. However, because the Court finds that the People have not plead particular facts as to adequately apprise the Defendant of the nature of the charge, nor to adequately prepare for a defense, and to guard against potential dangers to Defendant's constitutional guarantee against double jeopardy, the Court need not address the summons issue. For the above listed reasons all three of the charges will be dismissed unless the People file an amended Complaint on or before June 1, 2009 with correct dates of allege incidents and with particular facts pleaded to adequately appraise the defendant of the nature of the first charge and possibly the second and/or third charge. This Court grants leave to amend the Complaint

provided that no additional charges are filed against the Defendant and finds that the substantial rights of the Defendant will not be prejudiced by permitting this amendment. 8 G.C.A. § 55.20.

Although the Court dismisses charges Two and Three for reasons other than as put forth by Defendant, it is important to nonetheless address Defendant's arguments so as to prevent them from being raised in further motions in this case should the People amend. Title 8 G.C.A. § 5.13 indicates that the title of "Crimes against the Family" does not limit the scope or applicability of 9 G.C.A. § 31.30 to family members. In fact, the legislature is clear that any person may be guilty of child abuse and did not limit this section to parents and/or guardians. While the comments discuss the duty of parents or guardians with respect to 9 G.C.A. § 31.30(a)(2)(C)[1]; the comments also discuss the high standard of care a person generally, and not only a parent or guardian, who has a child under their care or responsibility for the child. 9 G.C.A. § 31.30(a)(2)(C) cmt. After reading the statute along with the comment, this Court rejects Defendant's argument that this charge should be dismissed because 9 G.C.A. § 31.30(a)(2)(C) only applies to parents or guardians. Further, while the Defendant asked this Court to look at the comments of the Model Penal Code § 230.4, the Court notes that Guam did not adopt the exact language of the Model Penal Code and that several of the comments indicate that a non-parent or guardian with a child in his care and custody can be guilty of endangering a child. *See State v. Hackett*, 733 A.2d 554, 559 (N.J.Super.App.Div.1999)(interpreting N.J. §2C:24-4 that is also a source for Guam law).

The Court rejects Defendant's claim that 9 G.C.A. § 61.20(a) is unconstitutional. The general rule is that legislative enactments are presumed to be constitutional, "… moreover 'he who alleges the unconstitutionality of an act bears the burden of proof.'" *In re Request of*

*Gutierrez*, 2002 Guam 1 ¶ 41 (quoted by <u>People v. Perez</u>, Criminal Case No. 747-06, *Decision and Order*, Mar. 29, 2007 at p. 2-3). In this case the Defendant has failed in his burden of proof. For example, the Court notes that a Colorado statute was not a source of 9 G.C.A. §61.20 and that Defendant provides an inadequate description of what the Colorado Court reached and an incorrect citation to the case[2]. Mem. of Law in Supp. of Mot. to Dismiss. (Apr. 16, 2009) at p. 4. Further, the Defendant cites the U.S. Supreme Court standard for striking a law down as being overbroad, but fails to indicate to this court how Guam's statute substantially infringes on a constitutionally protected speech. *Id.* Furthermore, this Court concurs with the sound reasoning of the Court in <u>People v. Perez</u>. *Cf.* <u>People v. Ruda</u>, Criminal Case No. 438-06, *Decision and Order*, Apr. 24, 2007, and unhesitatingly adopts the trial court's analysis of *People v. Lizama* as no longer persuasive on the constitutionality of 9 G.C.A. §61.20(a).

Based on the above, Defendant's Motion to Dismiss is **DENIED** unless the Magistrate's Complaint is amended pursuant to this Decision and Order on or before **June 8, 2009**. In the event the People fail to amend the Complaint on or before June 8, 2009, the Defendant's Motion to Dismiss is GRANTED sua sponte on June 9, 2009, without prejudice.

A Criminal Trial Setting is scheduled for June 9, 2009, at 9:30 a.m.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUN 01 2009

Brianne M.G. Balbas
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

[1] The comments officially reference § 31.30(2)(C); however, the Court recognizes this as a typo and acknowledges this comment actually refers to § 31.30(a)(2)(C).
[2] The Court was unable to locate the Colorado case. It is not clear if the Colorado court found that any statute was unconstitutional because it failed to adequately define and limit the activity which is criminal or if they a harassment statute. While the Model Penal Code ("MPC") was a source for Guam's law, Defendant did not provide enough analysis for the Court to determine whether or not this Court should be persuaded by a Colorado court ruling on a statute "very similar" to the MPC. Reliance on the Colorado decision is questionable.